IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO: |
| v. | **1:20-CR-00045-LMM-JSA** |
| THOMAS ADDAQUAY, | |
| Defendant. | |

### **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When closing argument is completed, you will go to the jury room and begin your discussions – what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it does not have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.

If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## The Duty to Follow Instructions and the Presumption of Innocence When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant is not evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt as to each individual offense charged. If the Government fails to do so as to any count or charge, you must find the Defendant not guilty on that count or charge.

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

**Identification Testimony**

The Government must prove beyond a reasonable doubt that the Defendant, Thomas Addaquay, was the person who committed each charged crime at issue here.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate or reliable the identification is. I suggest that you ask yourself questions such as:

- Did the witness have an adequate opportunity to observe, or hear, the person at the time the crime was committed?

- How much time did the witness have to observe, or hear, the person?

- How close was the witness?

- Did anything affect the witness's ability to see or hear?

- Did the witness know or see or hear the person at an earlier time?

- Are there circumstances such as the passage of time or the nature of a recording that might affect the witness's recollection or ability to accurately testify regarding what the witness saw or heard or currently sees or hears?

You may also consider the circumstances surrounding the identification of the Defendant, such as the circumstances and context in which the Defendant was presented to the witness for identification. And you must consider the credibility and self-interest of witnesses that I will discuss in a moment.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find him not guilty.

## Credibility of Witnesses

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say and how important that testimony was. In making that decision you may believe or disbelieve any witness in whole or in part, or not at all.

The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

- What was the witness's manner when testifying?

- Was the witness's testimony contradicted by other testimony given in the case or other statements made by the witness?  For instance, if a witness is questioned about earlier statements or testimony the witness made, the questioning is permitted to aid you in evaluating the truth or accuracy of the witness's testimony at this trial. A witness's earlier statements are not ordinarily offered or received as evidence of their truth or accuracy. The

6

earlier statements are pointed out to give you a comparison and to help you decide whether you believe the witness's testimony. Whether you find those prior statements consistent or inconsistent with the witness's trial testimony is entirely up to you. Once again, the consistency or inconsistency of a witness's statements is one of a number factors you can consider in assessing the credibility or believability of the witnesses and the weight to give their testimony.

You may also consider any other factors that bear on the believability of a witness's testimony.

### Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And you should consider ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### Testimony of Accomplice or Codefendant or other witness with a Plea Agreement or Expectation of One

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with an alleged co-conspirator, Sacoya Lyon, in exchange for her testimony. Such "plea bargaining," as it is called, provides for the possibility of a lesser sentence than a defendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government. So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense is not evidence of the guilt of any other person.

Additionally, where a witness has a plea agreement with the Government in another federal district court, as with witness Sacoya Lyons, that witness may hope to gain more favorable treatment from the Government in his own case by way of his cooperation and testimony here. So while a witness of this kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

## Testimony of Witness With Immunity

You must consider some witnesses' testimony with more caution than others.

A witness, such as Kevin Edwards, who has been promised immunity from prosecution or witnesses who hope to gain more favorable treatment in his own case may have a reason to make a false statement in order to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

### Duty to Preserve Records (O.C.G.A. §7-1-706)

Under Georgia Law, each check cashing licensee shall make, keep, and use in its business such books, accounts, and records as the department may require to enforce the provisions of this article and the rules and regulations promulgated under it. Each check cashing licensee shall preserve such books, accounts, and records for five years (or such greater period of time as prescribed in the department's rules and regulations).

### On or About a Particular Date; Knowingly; Willfully

You will see that the indictment charges that some crimes were committed "on or about" a certain date. The Government does not have to prove that the offenses occurred on those exact dates. The Government only has to prove beyond a reasonable doubt that the crimes were committed on dates reasonably close to the dates alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was done voluntarily and purposely with the specific intent to violate a known legal duty, that is, with the intent to do something the law forbids. Disagreement with the law or a belief that the law is wrong does not excuse willful conduct.

## Separate Crimes

Each of the counts of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict or review for any other crime. You must independently evaluate each charge and determine for each one, based on the evidence presented for that specific charge, whether the Defendant is guilty or not guilty.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the Indictment. You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of one or more of those specific crimes.

### Caution: Punishment

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for me as the Judge alone to decide later.

### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are the judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Note-taking**

You have been permitted to take notes during the trial. Most of you have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

Dated:                              Respectfully Submitted,

October 13, 2022                    /s/ Rodney Williams

                                    Law Office of Rodney Williams, LLC
                                    315 W. Ponce De Leon
                                    Suite 915
                                    Decatur, Georgia 30030
                                    notguilty@attyrodneywilliams.com